UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RABBI SHMULEY BOTEACH, and DEBORAH BOTEACH,<br><br>    Plaintiffs,<br><br>v.<br><br>SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, *et al.*,<br><br>    Defendants. | Civil Action Number: 2:09-5344<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

Rabbi Shmuley Boteach and Deborah Boteach's (Plaintiffs') New Jersey home abuts against the New Jersey residence of the Libyan ambassador to the United Nations ("Libyan Property"). In the course of renovating the residence, the Defendants (including Socialist People's Libyan Arab Jamahiriya (that is, Libya), Ibrahim Dabbashi (the former ambassador from Libya to the United Nations), and Muammar Abu Minyar Al-Qaddafi ("Colonel Qaddafi," Libya's head of state)) removed trees and a fence lying near the property line between the two properties. Each party asserts ownership to the trees and fence. Plaintiffs brought an eight-count complaint, essentially alleging trespass, against the Defendants. Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), lack of jurisdiction; Rule 12(b)(2), lack of personal jurisdiction; Rule 12(b)(4), insufficient process; and Rule 12(b)(6), failure to state a claim.

For the reasons elaborated below, the Court will **GRANT** Defendants' Motion to Dismiss.

### I.    BACKGROUND

Plaintiffs alleged that for the prior ten years the Libyan property has been uninhabited and in disrepair. "[T]he Libyan Property was so overgrown with shrubbery that the sidewalk abutting the Libyan Property was unusable by Plaintiffs and other members of the Englewood community." Compl. ¶ 9.

Plaintiffs allege that in removing the trees and fence lying near the property line between the

two parties, Defendants trespassed on Plaintiffs' property and caused Plaintiffs injury by destroying what they allege to be their fence and their trees. Plaintiffs brought an eight-count state-court complaint asserting: (1) trespass; (2) public nuisance; (3) intentional invasion and private nuisance; (4) intrusion upon seclusion; (5) negligence; (6) intentional infliction of emotional distress; (7) conversion; and (8) permanent injunction. Defendants removed this action to federal court, filed a motion to dismiss, and asserted a variety of defenses, including lack of process and sovereign immunity.

## II.     STANDARD OF REVIEW

*Federal Rule of Civil Procedure 12(b)(1).* "When subject matter jurisdiction is challenged [in a factual attack] under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Furthermore, the district court may not presume the truthfulness of plaintiff's allegations, but rather must "evaluat[e] for itself the merits of [the] jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Finally, a "District Court lacks subject matter jurisdiction when the controversy has become moot." *Goodmann v. People's Bank*, 209 Fed. Appx. 111, at *1 (3d Cir. Dec. 21, 2006) (TABLE).

*Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).* "Under these rules [12(b)(4) and 12(b)(5)], the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *McDaniel v. Greyhound Lines, Inc.*, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008); *see also Carpenter v. Young*, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004) (same).

*Federal Rule of Civil Procedure 12(b)(6).* This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

It is not disputed that Plaintiffs have not effected personal service on Ambassador Dabbashi, nor on Colonel Qaddafi. Moreover, Plaintiffs have made no proffer when they might attempt to effect service of process. In these circumstances, the claims against the two individual defendants must be dismissed. *See* Fed. R. Civ. P. 12(b)(4-5).

Arguing sovereign immunity, Libya asserts that this Court lacks subject matter jurisdiction and so cannot proceed with this action. Presumptively Libya is immune from suit. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). However, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 et seq., lists several exceptions to immunity. *See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494 n.20 (1983) ("Under the [FSIA], however, subject matter jurisdiction turns on the existence of an exception to foreign sovereign immunity ….").

The two exceptions that might apply on these facts include: Section 1605(a)(4) – *the rights in property exception*; and Section 1605(a)(5) – *the tortious activity exception*.

    *Section 1605(a)(4).* Here, the gravamen of the complaint is that Defendants tortiously trespassed by invading Plaintiffs' real property and that Defendants' converted Plaintiffs' property by removing Plaintiffs' trees and fence. Defendants, however, have put forward two declarations asserting that the trees and fence were on *its* side of the property line. By way of response Plaintiffs refer the Court to the two exhibits attached to the Stieglitz Declaration. Plaintiffs have not explained the relevance of these exhibits and the Court, having examined the exhibits, sees none. Nor does it appear that Plaintiffs may stand on the allegations of the complaint. As subject matter jurisdiction is disputed, the Court may look beyond the pleadings for an evidentiary basis to support its assertion of jurisdiction. *See United States* ex rel. *Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). Finally, the Court notes that Plaintiffs have not asked for discovery for the purpose of establishing jurisdiction. In sum, as the only evidence put forward seems to take this action out of the scope of any exception to Libya's sovereign immunity it would seem that this Court lacks subject matter jurisdiction. The Court lacks jurisdiction to proceed with counts 1, 4, 5 and 7.

    *Section 1605(a)(5).* It would appear that Plaintiff still might go forward with count 2, public nuisance, and count 3, private nuisance, because even if Defendants did not invade Plaintiffs' property and even if the trees and fence were on Defendants' side of the property line, Defendants might have created a (public or private) nuisance by *their* actions on *their* side of the property line. This is because Plaintiffs allege damages in connection with Defendants' renovation program even apart from the alleged trespass and conversion. Compl. ¶ 63 (alleging in count 2, "noise, dust, and traffic from unreasonable construction and usage of property in violation of city ordinances"); Compl. ¶ 70 (same, in regard to count 3). In

regard to these two counts, the Court appears to have jurisdiction under Section 1605(a)(5) – the tortious activity exception. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (on-point regulation mandating conduct, leaving actor without discretion, leaves government actor without immunity); *Maalouf v. Swiss Confederation*, 208 F. Supp. 2d 31, 36-37 (D.D.C. 2002) (holding that a foreign government does not enjoy sovereign immunity when it takes discretionary actions in its capacity as a private landowner).

*Public Nuisance*. As both parties acknowledge under New Jersey law, a claim for public nuisance, when brought by a private actor, must allege "special injury." *See Mayor & Council of Borough of Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039, 1056 (D.N.J. 1993) ("To meet the special injury requirement, the plaintiff must have suffered harm of a *kind different* from that suffered by other members of the public exercising the right common to the general public that was the subject of interference." (emphasis added)); *In re Lead Paint Litig.*, 924 A.2d 484, 497-98 (N.J. 2007) (same). Plaintiffs make no such allegation in their complaint; indeed, in their brief, the best they can do is to argue that "the Boteachs are next door neighbors to the Libyan Property, the streets, sidewalks, and the Boteach Property itself are affected by the dust, crowding, noise, and traffic *differently* and to a *greater extent* than other members of their neighborhood." Opp'n Br. 23-24 (emphasis added). Plaintiffs' use of "differently" is conclusory; Plaintiffs' allegations as to *greater extent* fails to sufficiently allege a different *kind* of injury. *See* RESTATEMENT (SECOND) OF TORTS *Who Can Recover For Public Nuisance*–§ 821C cmt. b (1979) ("It is not enough that [a plaintiff] has suffered the same kind of harm or interference but to a greater extent or degree.").[1]

*Private Nuisance*. A *private nuisance* requires only allegations in regard to *significant harm*. *Rowe v. E.I. Dupont De Nemours and Co.*, 262 F.R.D. 451, 459 (D.N.J. 2009). Plaintiffs do not appear to have met this requirement. As to alleging nuisance in connection with Defendants' allowing the Libyan Property to fall into disrepair, Plaintiffs have not explained how the disrepair injured them in the private use and enjoyment of their land, their health, or their comfort. Plaintiffs allege that the Libyan Property had not been maintained for

---

[1] To the extent that Plaintiffs are alleging a public nuisance in connection with Defendants' failure to clear the sidewalks, their single allegation of *special injury* in connection with a *different kind of* harm is insufficient. *See* Compl. ¶ 13 (alleging that "[t]his sidewalk construction has been of particular concern to Rabbi and Mrs. Boteach, as observant Jews, who are not permitted to drive on the Sabbath and, therefore, must use the public sidewalks."). Plaintiffs might subjectively experience the harm differently, but the injury or harm they suffer is identical to what everyone else in the neighborhood suffers, i.e., exclusion from the sidewalk, as they themselves allege. Compl. ¶ 9 ("[T]he Libyan Property was so overgrown with shrubbery that the sidewalk abutting the Libyan Property was unusable by Plaintiffs and other members of the Englewood community.").

the prior ten years. But they only bring suit now. Aside from the fact that Plaintiffs have sat on their rights, it is simply not plausible that a party would wait ten years to assert a *significant harm*. *Twombly*, 550 U.S. at 556-59. As to the tent city, about which Plaintiffs complain, it was never erected. Likewise, Colonel Qaddafi apparently failed to visit the Libyan Property with his entourage as initially planned. The construction surrounding the renovation program has now ceased, which moots any claim of a continuing injury. As to Plaintiffs' general allegations going to dust and noise, their allegations lack specificity and detail.

The Court does not address count 6, intentional infliction of emotional distress, as it lacks merit on its face. As to count 8, permanent injunction, the Defendants have put forth an affidavit affirming that construction has ceased. This fact does not appear to be contested by Plaintiffs. It follows that this count is moot.[2]

## IV.   CONCLUSION

For the reasons elaborated above, Defendants' Motion to Dismiss is **GRANTED**. This terminates this action. An appropriate order accompanies this memorandum opinion.

_____
**DATE: December \_\_, 2010**                                                                   **William J. Martini, U.S.D.J.**

---

[2] The count seeking injunctive relief appears to be grounded in the trespass allegations, not the allegations in regard to the alleged failure to maintain the sidewalk. Compl. ¶ 94 (alleging trespass within Count 8).